IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LOYD E. CLARK, JR.

VS.                                                                 CIVIL ACTION NO. 2:12cv231-KS-MTP

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE OF THE INDYMAC IMSC MORTGAGE LOAN
TRUST 2007-AR1, MORTGAGE, PASS-THROUGH CERTIFICATES,
SERIES 2007-AR1 under the Pooling and Servicing Agreement dated,
June 1, 2007, SHAPIRO & MASSEY,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
JOHN AND JANE DOES 1-10

OPINION AND ORDER DENYING REMAND

This cause is before the Court on the Motion to Remand [4] filed by Plaintiff Loyd E. Clark, Jr., (hereinafter "Clark") by and through his attorney and the Court having reviewed the motion, the responses thereto, briefs of counsel, authorities cited, the pleadings and being fully advised in the premises, finds as follows.

FACTUAL BACKGROUND

Clark filed his complaint in the Second Judicial District of Jones County, Mississippi, against Deutsche Bank National Trust Company, etc., Shapiro & Massey, Mortgage Electronic Registration Systems, Inc., and John and Jane Does 1-10, alleging the following claims: 1) wrongful foreclosure, 2) slander of title, and 3) private nuisance. The case was removed to this Court by the Defendants on December 13, 2012, and the current Motion to Remand [4] was filed by Clark on December 14, 2012. Defendant, Shapiro & Massey, (hereinafter "Massey") filed an opposition to the Motion to Remand, together with a supporting brief, arguing that Clark cannot establish a cause of action against it because J. Gary Massey (individually), as opposed to

1

it, served as the Substituted Trustee and conducted the foreclosure sale on the subject property. Massey further argues that even if it was the Substituted Trustee on the Deed of Trust it was a nominal party and must be disregarded for the purpose of determining diversity jurisdiction. Clark did not respond to the allegations set forth in Massey's briefing, nor was any summary judgment type evidence (affidavits, etc.) filed by Clark. The other defendants, Deutsche Bank and Mortgage Electronic Registration Systems, Inc., concur with Massey's factual and legal statements.

## STANDARD OF REVIEW - REMAND

The Fifth Circuit has consistently held that the party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that court. *See Jernigan v Ashland Oil*, *Inc.,* 989 F. 2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F. 2d 431 (5th Cir. 1979).

## DISCUSSION

The question for this Court to decide is whether or not Massy is a nominal or necessary party to this action. Clark contends that Massey prepared an assignment of deed of trust, substitution of trustee and substituted trustee deed, and conducted a foreclosure on property situated in Jones County, Mississippi. Massey is arguably a resident of Mississippi for diversity purposes and the other two defendants are non-residents of this state. Clark is a Mississippi resident. "A federal district court may exercise original diversity jurisdiction under 28 U.S.C. § 1332 only if the plaintiffs and defendants are completely diverse." *Elam v Kan. City*, S. Ry., 635 F.3d 796, 812 (5th Cir. 2011). "The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Corfield v. Dallas Glen*

*Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003). The briefing of Massey, together with the affidavit of Mr. J. Gary Massey [15-1] have been considered by the Court. It is interesting to note that the affidavit and allegations in the briefings of the defendant are unrebutted by the Plaintiff. It is also notable that the Complaint is void of any specific factual allegations against Massey that are anything more than conclusory statements. [1]

Considering the above, the Court finds that Shapiro & Massey is not a real party in interest and should be disregarded for the purpose of diversity jurisdiction. *See Montgomery v. First Family Fin. Servs., Inc.,* 239 F. Supp. 2d 600, 604 (S.D. Miss. 2002). The Court further finds that Massey is not a necessary party, in that it appears from the pleadings before the Court that there is no case or controversy against Shapiro & Massey. *See Wells v. Shelter gen. Ins. Co.,* 217 F. Supp. 2d 44, 751 (S.D. Miss 2002).

For the reasons above stated, the Court finds that the Motion to Remand is **overruled**. Further, since there is no case or controversy between Plaintiff and Shapiro & Massey, Shapiro & Massey is dismissed as a party defendant. Said dismissal is without prejudice.

In view of the above, the Motion to Dismiss [14] is **moot.**

The parties are instructed to contact Magistrate Judge Michael T. Parker within fifteen (15) days of this Order for scheduling a case management conference.

SO ORDERED this the 5th day of April, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Massey's strong showing on these issues distinguishes this case from a prior opinion in which remand was granted. (*See* Mem. Op. And Order [13] in Case No. 2:11cv248).