**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**LOYD E. CLARK, JR.**                                                    **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 2:12-cv-231-KS-MTP**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as
TRUSTEE OF THE INDYMAC IMSC MORTGAGE LOAN
TRUST 2007-AR1, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-AR1 under the Pooling
and Servicing Agreement dated, June 1, 2007;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; and JOHN AND JANE DOES 1-10**            **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [17] of the Defendants

Deutsche Bank National Trust Company, etc. ("Deutsche Bank") and Mortgage

Electronic Registration Systems, Inc. ("MERS") and the Plaintiff Loyd E. Clark, Jr.'s

Motion for Partial Summary Judgment [39].  For the reasons stated below, the Motion to

Dismiss [17] will be granted in part and denied in part and the Motion for Partial

Summary Judgment [39] will be denied.

## BACKGROUND

On November 16, 2012, Plaintiff filed suit against Deutsche Bank, MERS and

Shapiro & Massey in the Circuit Court of the Second Judicial District of Jones County,

Mississippi, asserting claims of wrongful foreclosure, slander of title and private

nuisance.  (*See* Compl. [1-2].)  Plaintiff's allegations relate to his purported ownership of

two pieces of real property.  One parcel of land is located at 168 Highway 15 North,

Laurel, Mississippi, 39443 (the "Jasper County Property").  The other is located on

County Barn Road, Laurel, Mississippi, 39440 (the "Jones County Property").

On November 18, 2006, Plaintiff and Jodie D. Clark (who were married at that time, but are now divorced) executed a Deed of Trust [17-6] in favor of Quicken Loans, Inc., as the "Lender", in order to secure a loan in the amount of $152,000.00. MERS is identified as the "beneficiary" under the Deed of Trust. There is a discrepancy in the Deed of Trust [17-6] as to the property pledged as collateral for the loan. The Deed of Trust lists the street address for the Jasper County Property, **but** contains a legal description pertaining to the Jones County Property. The Deed of Trust was filed in the Jones County land records on December 6, 2006. A Mississippi Assignment of Deed of Trust [17-10], indicating that MERS had assigned "all beneficial interest under" the instrument to Deutsche Bank, was filed in the Jones County land records on November 15, 2011. A Substituted Trustees Deed [17-12] was filed in the Jones County land records on March 28, 2012. This instrument provides that J. Gary Massey (of Shapiro & Massey, L.L.C.), acting as the Substituted Trustee, sold land containing a legal description pertaining to the Jones County Property to Deutsche Bank via a non-judicial foreclosure sale on March 14, 2012, following the Plaintiff and Jodie Clark's default under the Deed of Trust [17-6].

The Complaint acknowledges Plaintiff's failure to make certain mortgage payments and default.[1] Nonetheless, Plaintiff contends that the "default did not entitle the Defendants to conduct a non-judicial foreclosure sale under Mississippi law." (Compl. [1-2] at ¶ 32.) Plaintiff posits that the proper entity did not conduct the subject

---

[1] No mention of Plaintiff's ex-wife, Jodie Clark, is made in the Complaint [1-2]. However, documents of public record attached to the Complaint and filed by the Defendants indicate that Ms. Clark has at least as much of an interest in the subject properties as the Plaintiff.

foreclosure sale and that he was evicted "from his Jasper County Property even though the collateral description for the second loan is the Jones County Property." (Compl. [1-2] at ¶¶ 14, 32.)  It is further alleged that the subject foreclosure was conducted in violation of a host of Mississippi statutes; that the filing of instruments in the Jones County land records by the Defendants disparaged Plaintiff's title to the Jones County Property and Jasper County Property; and that the Defendants tortiously caused an invasion of the Plaintiff's private use and enjoyment of the Jasper County Property. Plaintiff seeks actual damages, punitive damages and attorney's fees in relief.

On December 13, 2012, Deutsche Bank and MERS removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. (*See* Notice of Removal [1].)  On December 14, 2012, Shapiro & Massey filed its Joinder and Consent to Notice of Removal [3].  Also on December 14, Plaintiff moved for the remand of this action to state court. (*See* Mot. to Remand [4].)  Plaintiff argued that complete diversity of citizenship was lacking because he and Shapiro & Massey are citizens of Mississippi.  On April 5, 2013, the Court entered its Opinion and Order Denying Remand [28], finding that Shapiro & Massey had been improperly joined and dismissing it from the litigation without prejudice.

Currently pending is MERS and Deutsche Bank's joint request for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), (6) and (7). (*See* Mot. to Dismiss [17].)  Further, Plaintiff seeks partial summary judgment under Federal Rule of Civil Procedure 56. (*See* Mot. for Part. SJ [39].)  These motions have been fully briefed and the Court is ready to rule.

## DISCUSSION

<u>***MERS and Deutsche Bank's Motion to Dismiss [17]***</u>

Defendants' bases for dismissal can be divided into three subject areas.  First, Defendants argue that the Court lacks subject matter jurisdiction due to Plaintiff's lack of standing.  *See* Fed. R. Civ. P. 12(b)(1).  Next, Defendants make various arguments to the effect that Plaintiff has failed to state any plausible claim for relief.  *See* Fed. R. Civ. P. 12(b)(6).  Finally, Defendants assert that the Plaintiff failed to join Jodi Clark, a necessary and indispensable party.  *See* Fed. R. Civ. P. 12(b)(7).  For the reasons stated below, the Court finds that dismissal is not warranted pursuant to Rule 12(b)(1).  The Court also finds that Jodie Clark is a necessary party, but Defendants have failed to show that she cannot be joined in this action.  As a result, the Court will deny Defendants' request for dismissal under Rule 12(b)(7) and order that Ms. Clark be joined to the litigation.  Defendants' remaining arguments in favor of dismissal may be reurged once all the proper parties are before the Court.

<u>1.  Whether Dismissal Is Required Based on Plaintiff's Lack of Standing</u>

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'"  *Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315, 82 L. Ed. 2d 556 (1984).  The case-or-controversy requirement reflects the separation of powers principle, which is central to the foundation of the federal government, and limits federal judicial power via several doctrines, such as standing, mootness and ripeness.  *See id.*  Constitutional (or Article III) standing requires that a plaintiff "allege an injury in fact that is fairly traceable to the defendant's conduct and likely to be redressed by a favorable ruling."  *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct.

2130, 119 L. Ed. 2d 351 (1992)).  Prudential (or judicially imposed) standing

encompasses several principles, including "the general prohibition on a litigant's raising

another person's legal rights . . . ."  *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1,

12, 124 S. Ct. 2301, 159 L. Ed. 2d 98 (2004) (citations omitted).  A dismissal for lack of

Article III standing should be granted under Rule 12(b)(1), while a dismissal based on

prudential standing should be made under Rule 12(b)(6).  *FNC, Inc.*, 634 F.3d at 795

n.2.  In considering dismissal under either Rule, the Court may rely on documents of

public record or documents attached to the complaint.  *See, e.g.*, *Fin. Acquisition*

*Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (dismissal under Rule

12(b)(6)); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 189 n.5 (5th Cir 1986)

(dismissal for lack of subject matter jurisdiction).

Defendants argue that the Plaintiff lost all legal interest in the Jones County

Property as a result of his divorce from Jodie Clark, and thus, he lacks standing to

assert the claims alleged in the Complaint.  A Property Settlement Agreement [17-14]

incorporated by reference into a Judgement of Divorce [17-13] filed in the Chancery

Court of Jones County indicates that Ms. Clark "will live in Jones Co. at 266 County

Barn Rd." and that the Plaintiff's name "will be removed from property and mortgage in

Jones Co."  Plaintiff does not dispute that he lacks an ownership interest in the Jones

County Property as a result of his divorce from Jodie Clark.  Plaintiff contests

Defendants' standing argument on the basis that his claims concern the Jasper County

Property and he "is not pursuing claims regarding the Jones County Property."  (Pl.'s

Mem. Resp. to Mot. to Dismiss [31] at pp. 2, 9.)

Plaintiff's position ignores his slander of title claim, under which he alleges that

Defendants' filing of instruments in the Jones County land records disparaged his "title to the home located at 168 Highway 15 North, Laurel, Mississippi 39443 [the Jasper County Property] *and* County Barn Road, Laurel, MS 39440 [the Jones County Property]." (Compl. [1-2] at ¶ 74) (emphasis added). Thus, it would seem at first glance that the Complaint partially violates "the general prohibition on a litigant's raising another person's legal rights . . . ." *Allen*, 468 U.S. at 751. Upon closer inspection, however, the Court finds no claim actually violating this rule of prudential standing.

Plaintiff's divorce from Jodie Clark, apparently resulting in his loss of ownership of the Jones County Property, was made effective July 12, 2012. (*See* Judg. of Divorce [17-13].) All of the instruments purportedly disparaging Plaintiff's title to the Jones County Property were filed in the Jones County land records prior to that date. (*See* Miss. Assign. of Deed of Trust [17-10]; Substitution of Trustee [17-11]; Substituted Trustees Deed [17-12].) The Court is unaware of any rule of law that prohibits a party from seeking damages relating to and incurred during the ownership of property solely because such ownership terminates prior to litigation. *Cf. Keys v. Chicago Title Ins. Co.*, No. 3:11cv617, 2012 WL 4510471, at *3, 7 (S.D. Miss. Sept. 28, 2012) (rejecting the argument that the plaintiff lacked standing to bring suit against a title insurance company since the loss claim arose prior to the plaintiff conveying her interest in the property). Even if the Plaintiff is attempting to assert a damage claim rightfully belonging to his ex-wife, dismissal would be premature. Jodie Clark, as the real party in interest, should be given an opportunity to join in the litigation and have her say on the matter. *See Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 707 (5th Cir. 2009) ("The absence of other potential litigants, even a real party in interest, can be

excused or cured.") (citing Fed. R. Civ. P. 17(a)(3)).  Therefore, Defendants' prudential standing ground for dismissal is not availing.

Defendants also contend that all of Plaintiff's claims against MERS are moot due to the November 1, 2011 assignment of the Deed of Trust [17-6] from MERS to Deutsche Bank.  (*See* Miss. Assign. of Deed of Trust [17-10].)  "'Mootness is the doctrine of standing in a time frame.  The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'"  *La. Envtl. Action Network v. City of Baton Rouge*, 677 F.3d 737, 744 (5th Cir. 2012) (quoting *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524-25 (5th Cir. 2008)).  A federal court lacks the constitutional authority to resolve issues that have been rendered moot.  *Id.*

The Fifth Circuit's decision in *City of Baton Rouge* disposes of Defendants' request for dismissal of MERS based on the doctrine of mootness.  In *City of Baton Rouge*, the district court dismissed a citizen suit brought under the Clean Water Act on the ground that a 2002 consent decree mooted the plaintiff's claims.  677 F.3d at 739. The Fifth Circuit reversed.  *Id.*  "[A]s a general rule, any set of circumstances that eliminates actual controversy *after* the commencement of a lawsuit renders that action moot."  *Id.* at 744.  The 2002 consent decree was entered approximately eight years *prior* to the filing of the plaintiff's citizen suit and neither party argued that events occurring subsequent to the initiation of the action rendered it moot.  *Id.* at 745.  "Thus, the district court erred in examining whether the 2002 consent decree, and the ongoing enforcement of its conditions, mooted LEAN's citizen suit."  *Id.*

This suit was filed on November 16, 2012, approximately one year *after* MERS

assigned the subject Deed of Trust to Deutsche Bank. Consequently, under *City of Baton Rouge*, the Defendants' reliance on an event occurring *prior* to the initiation of this action for mootness-based dismissal is misplaced. Defendants' citation to Judge Ozerden's decision in *Black v. PrimeLending Co.*, No. 1:10cv433, 2011 WL 5563217 (S.D. Miss. Nov. 15, 2011), does not alter the Court's opinion. Unlike the presuit assignment of the Deed of Trust at issue here, PrimeLending assigned Black's Deed of Trust to Citimortgage approximately five months subsequent to the filing of that action. *See Black*, 2011 WL 5563217, at *1.

Accepting "as true all material allegations of the complaint and . . . constru[ing] the complaint in favor of the complaining party", the Court determines that dismissal is not warranted under Rule 12(b)(1) for lack of Article III standing. *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 550 (5th Cir. 2010) (citation omitted). Furthermore, Defendants' applications for dismissal based on prudential standing and mootness are refused for the above-stated reasons.

    <u>2. Whether Dismissal Is Required Due to Plaintiff's Failure to Join Jodie Clark</u>

Federal Rule of Civil Procedure 12(b)(7) authorizes dismissal for "failure to join a party under Rule 19." Rule 19 provides for the joinder of persons in order to secure the fair and complete disposition of all matters central to a lawsuit. *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). A Rule 19 analysis involves two inquiries. *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the district court must consider whether a person should be joined as a party under Rule 19(a). *Id.* "If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b)

whether to press forward without the person or to dismiss the litigation." *Id.*

A party must be joined under Rule 19(a) if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "It is to be stressed that the criteria set forth in Rule 19 are not to be applied mechanically nor are they to be used to override compelling substantive interests." *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970). "The inquiry contemplated by Rule 19(a) is a practical one, and is addressed to the sound discretion of the court." *R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 499 (D. Md. 2007) (citation omitted); *see also* 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1604 (3d ed.) (providing that there is no precise formula for deciding whether joinder is required under Rule 19(a) and that determinations under the Rule are heavily influenced by the particulars of individual cases). In a diversity action, such as this one, state law is relevant in determining whether an outside party has a sufficient interest in a controversy to require his or her joinder. *See, e.g.*, *Dore Energy Corp. v. Prospective Inv. & Trading Co.*, 570 F.3d 219, 231 (5th Cir. 2009); *Shell W. E & P Inc. v. Dupont*, 152 F.R.D. 82, 85 (M.D. La. 1993).

Determining Jodie Clark's specific interest in this matter is hampered by discrepancies in the Deed of Trust [17-6] and conflicting positions taken by the Plaintiff.

As noted above, the Deed of Trust contains a legal description pertaining to the Jones County Property and a street address for the Jasper County Property. Furthermore, the Deed of Trust lists a Tax ID Number of 176-35-00-023-00 and Parcel ID Number of **0165-21-000-011.00**. A separate Deed of Trust [17-9] executed by the Plaintiff and Jodie Clark in 2002 appears to pertain to the Jasper County Property and lists a Parcel ID Number of **0165 21 000 001.00**. Plaintiff's divergent positions as to whether both the Jasper County and Jones County Properties are at issue in this action are noted above. Further confusing is the allegation in the Complaint that the Jones County Property served as collateral for Plaintiff's loan,[2] compared with the Plaintiff seeking partial summary judgment on the basis that the foreclosure sale is null and void because legal instruments relating to the foreclosure were not filed in the land records of Jasper County. (*See* Pl.'s Mot. for Part. SJ [39] at ¶¶ 4-5.)[3] Ultimately, the Court is uncertain whether the Plaintiff and Jodie Clark intended to pledge the Jasper County Property or Jones County Property as collateral for the subject loan, and, as a result, whether Jasper or Jones County was the appropriate locale for foreclosure proceedings.

---

[2] (*See* Compl. [1-2] at ¶¶ 10-11.)

[3] Certain representations made by Deutsche Bank further cast doubt on the contours of this property dispute. Defendants' joint briefing in support of dismissal takes the position that the Jones County Property served as collateral for Plaintiff's loan. (*See* Mem. in Supp. of Mot. to Dismiss [18] at pp. 2, 4, 14-15.) Yet, Deutsche Bank's Reply Brief posits that the Plaintiff and Jodie Clark "lost title to the Jasper County property once he went into default." (Reply Brief [42] at p. 3.) Deutsche Bank also acknowledges, "upon information and belief, that there may be a legal description error in the Jasper County's DOT, and that they may need to file an action in the Jasper County Chancery Court to reform said description at the conclusion of this litigation." (Reply Brief [42] at p. 7 n.2.)

Notwithstanding the foregoing, it is clear that Jodie Clark has at least as much of an interest in this dispute as the Plaintiff.  Plaintiff and Jodie Clark are described as joint tenants "with full rights of survivorship" in both a Warranty Deed [17-1] appearing to apply to the Jones County Property and a Warranty Deed [17-8] seemingly applicable to the Jasper County Property.  Moreover, the Plaintiff and Jodie Clark are identified as co-borrowers in every Deed of Trust the parties have filed in this case.  (*See* Doc. Nos. [17-3], [17-4], [17-5], [17-6], [17-7], [17-9].)

The Mississippi Supreme Court has held "that no proper and complete adjudication of this dispute involving real property could be made in absence of the persons owning interests in the property affected."  *Aldridge v. Aldridge*, 527 So. 2d 96, 98 (Miss. 1988) (finding that the trial court erred in proceeding on a suit to impose a lien against real property without the presence of the property owners and the mortgagee); *see also Ladner v. Quality Exploration Co.*, 505 So. 2d 288, 291-92 (Miss. 1987) (affirming dismissal of a claim seeking damages for trespass and conversion due to plaintiffs' failure to join all mineral interest holders); *Armstrong v. Canady*, 35 So. 138 (Miss. 1903) (applying the general rule that "[t]enants in common must join in actions ex delicto and for injuries to their real property" in an action seeking statutory penalties for a timber trespass).  There are several analogous federal authorities.  *See, e.g.*, *Dupont*, 152 F.R.D. at 85 (finding that co-owners of real property were persons who must be joined under Rule 19(a) in an action seeking a declaration of an oil company's right under a mineral lease to conduct operations on the property); *Weaver v. Mid-Century Ins. Co. of Los Angeles, Cal.*, 690 F. Supp. 845, 846 (E.D. Mo. 1988) (determining that plaintiff's ex-husband was a necessary party to a quiet title action since he remained

liable on a promissory note encumbering real property); *cf. Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 586-87 (11th Cir. 1983) (affirming the district court's ruling that a co-lessee was a necessary party, but not indispensable to the lawsuit).

Under the weight of the preceding legal opinions, the Court finds that Jodie Clark must be joined in this action pursuant to Rule 19(a).  Her apparent joint ownership of the Jasper County Property with the Plaintiff, and perhaps sole ownership of the Jones County Property,[4] may result in the Defendants being exposed to multiple or inconsistent obligations if she were to bring her own suit relating to the subject foreclosure.  *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).  Such a result would also mean that "complete relief" cannot be afforded to each of the "existing parties" in this cause in her absence.  Fed. R. Civ. P. 19(a)(1)(A).  Alternatively, Ms. Clark's ability to protect her interests in a separate action may be impaired or impeded if she is found to be in privity with the Plaintiff due to her execution of the aforementioned legal instruments.  *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

Defendants have failed to show that Ms. Clark's joinder is not feasible, i.e., that her being made a party would destroy the Court's subject matter jurisdiction or that she is not subject to service of process.  Accordingly, it is unnecessary for the Court to decide whether to dismiss the action or to allow it to proceed without Ms. Clark under Rule 19(b).  *Cf. In re Apple iPhone 3G & 3GS MMS Mktg. & Sales Practices Litig.*, 864 F. Supp. 2d 451, 456 (E.D. La. 2012) ("Because joinder of AT & T clearly was feasible

---

[4] (*See* Property Settlement Agreement [17-4].)

before Plaintiffs voluntarily dismissed it, there is no need to engage in analysis under Rule 19(b)."). Instead, the Court will order that Ms. Clark be made a party to this action pursuant to Rule 19(a)(2).[5]

Defendants' remaining bases for dismissal are denied without prejudice. Resolution of these merits-based defenses would be premature in the absence of Jodie Clark given her interest in this matter. In addition, the lack of clarity regarding the specific property or properties at issue in this cause makes deciding these defenses under Rule 12(b)(6) unworkable. Development of the underlying facts through discovery and subsequent clarification of the parties' positions through summary judgment briefing should assist with the just and expeditious determination of these defenses. *Cf. Harris v. City of Senatobia*, No. 2:08cv37, 2009 WL 1766908, at *2 (N.D. Miss. June 18, 2009) (denying defendants' Rule 12(b)(6) dismissal motions and finding that their defenses would be best resolved under Rule 56 after more light had been shed on the facts underlying the plaintiff's claims).

### ***Plaintiff's Motion for Partial Summary Judgment [39]***

Plaintiff requests summary judgment on his claim for wrongful foreclosure. Plaintiff contends that there is no genuine issue as to any material fact and that he is entitled to summary judgment as a matter of law on the following ground: "Defendants' failure to file a substitution of trustee of record in the office of the chancery clerk of the

---

[5] "If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2).

county where the land is situated (i.e. Jasper County) violates Mississippi Code § 89-5-45 and the foreclosure sale is void." (Pl.'s Mem. in Supp. of Mot. for Part. SJ [38] at p. 5.)[6] Plaintiff's request for summary judgment is not well taken.

The party seeking summary judgment bears the initial "burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citation omitted). Plaintiff has failed to meet this burden since the documents submitted by him in support of summary judgment evidence a fact issue as to the location of the property sold at foreclosure. Plaintiff focuses on the Deed of Trust [17-6] and Mississippi Assignment of Deed of Trust [17-10] both listing a parcel number that matches the parcel number on a purported Jasper County Tax Assessor Report ("Tax Report") [39-3]. The Tax Report indicates that the real property consists of five (5) acres. Plaintiff's myopic view overlooks the fact that the Deed of Trust [17-6], Mississippi Assignment of Deed of Trust [17-10], Substitution of Trustee [17-11] and Substituted Trustees Deed [17-12] all contain a legal description for one (1) acre of land located in Jones County. Plaintiff's position on summary judgment that the property made the subject of the Deed of Trust [17-6] is the Jasper County Property also conflicts with his initial position that the Jones County Property served as collateral for the loan. (*See* Compl. [1-2] at ¶¶ 10-11, 14.) The Court is unable to hold

_____

[6] Section 89-5-45 of the Mississippi Code states in pertinent part: "Sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor or grantors therein, but shall be absolutely null and void, both at law and in equity, unless the substitution shall appear of record in the office of the chancery clerk of the county where the land is situated . . . ."

as a matter of law that the substitution of trustee should have been filed in Jasper County or Jones County in the face of this convoluted record. Accordingly, Plaintiff's request for summary judgment must be denied.

## CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that MERS and Deutsche Bank's Motion to Dismiss [17] is granted in part and denied in part. The motion is granted to the extent the Court concludes that the Plaintiff has failed to join a necessary party under Fed. R. Civ. P. 19(a) and that within thirty (30) days of the entry of this Order the Plaintiff shall either: (1) join Jodie Clark to this action through the filing of an amended complaint; or (2) advise the Court in writing why Jodie Clark cannot be joined (in which case the Court will determine whether Ms. Clark should be made an involuntary plaintiff or whether dismissal is appropriate pursuant to Rules 12(b)(7) and 19(b)). The motion is denied in all other respects.

IT IS FURTHER ORDERED AND ADJUDGED that all case management deadlines are suspended for a period of thirty (30) days from the date of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment [39] is denied.

SO ORDERED AND ADJUDGED this the 23rd day of July, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE